# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 23-1158V

| | |
|---|---|
| MICHELLE BROWN-WYSOCKI,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: July 25, 2024 |

*Leigh Finfer*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Mary Novakovic*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On July 26, 2023, Michelle Brown-Wysocki filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccination administered to her on March 3, 2022. Pet., ECF No. 1. Petitioner further alleges that the vaccine was received in the United States, she suffered sequela of her injury for more than six months, and neither Petitioner nor any other party has ever received compensation in the form of an award or settlement for her vaccine-related injury. *Id.* The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 4, 2024, a Ruling on Entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. ECF No. 22. On July 24, 2024, Respondent filed a Proffer

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

on award of compensation ("Proffer") indicating Petitioner should be awarded $62,500.00 in pain and suffering and $634.07 in past unreimbursable expenses. Proffer at 1-2, ECF No. 26. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *See id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $63,134.07 for pain and suffering and past unreimbursable expenses, in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| MICHELLE BROWN-WYSOCKI,<br><br>　　　　　Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　Respondent. | No. 23-1158V<br>Chief Special Master Corcoran<br>ECF |

**RESPONDENT'S PROFFER ON DAMAGES**

On July 26, 2023, Michelle Brown-Wysocki ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a Table shoulder injury related to vaccine administration ("SIRVA"), as the result of an influenza ("flu") vaccination received on March 3, 2022. Petition at 1. On May 28, 2024, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury, and on June 4, 2024, the Chief Special Master issued a Ruling on Entitlement finding petitioner was entitled to compensation. ECF Nos. 20, 22.

**I.　Item of Compensation**

　A. Pain and Suffering

Respondent proffers that petitioner should be awarded $62,500.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

　B. Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses

1

related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $634.07. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II.     Form of the Award

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]: a lump sum payment of $63,134.07 in the form of a check payable to petitioner.

## III.    Summary of Recommended Payments Following Judgment

Lump sum payable to petitioner, Michelle Brown-Wysocki:            **$63,134.07**

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

                /s/ Mary Novakovic
                MARY NOVAKOVIC
                Trial Attorney
                Torts Branch, Civil Division
                U.S. Department of Justice
                P.O. Box 146
                Benjamin Franklin Station
                Washington, D.C. 20044-0146
                Tel: (202) 616-2879
Date:  July 24, 2024          Email: Mary.E.Novakovic@usdoj.gov